UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLYDE HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00082 ERW |
| ) | |
| COMMERCIAL WOODWORKING CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss with Prejudice or, in the Alternative, Motion to Reinstate [doc. #15].

**I.    BACKGROUND**

On January 18, 2008, Clyde Harrison ("Plaintiff"), acting *pro se*, commenced the pending action in this Court against his former employer, Commercial Woodworking ("Defendant"). He alleged claims of wrongful termination based upon age discrimination, disability discrimination, and retaliation. In April 2008, Plaintiff retained counsel and filed a lawsuit against Defendant in the Circuit Court of the City of St. Louis, alleging disability discrimination and retaliation under the Missouri Human Rights Act.[1]

Defendant subsequently filed a motion to dismiss in the state court action because of the claims pending before this Court.[2] The following week, on May 29, 2008, Plaintiff filed a motion

---

[1] Plaintiff's action for disability discrimination and retaliation under the Missouri Human Rights Act was filed in the Missouri Circuit Court Twenty-Second Judicial Circuit (St. Louis City). *See* Case No. 0822-CC01179.

[2] Defendant seeks to have the state court action dismissed pursuant to the doctrine of abatement. The abatement doctrine "holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution

in this Court, asking for leave to amend his complaint, stating that he sought to "simplify and clarify" his claims.³ This Court granted Plaintiff's Motion for Leave to Amend, and accepted Plaintiff's Amended Complaint. The Amended Complaint removes Plaintiff's disability discrimination claim, but still seeks relief for age discrimination (Count I) and retaliation (Count II) under the Age Discrimination in Employment Act.

In the pending Motion, Defendant asserts that Plaintiff "misrepresented [his] true intentions" to the Court by stating that he sought leave to amend in order to "simplify and clarify" his claims. Defendant contends that Plaintiff was "playing games with the Court" by improperly transferring jurisdiction of his disability discrimination claim to a friendlier venue, and Defendant states that Plaintiff only amended his federal complaint in order to avoid the dismissal of the disability discrimination claim in state court. Defendant states that it has incurred great prejudice as a result of Plaintiff's amendment, and requests that this Court either amend its dismissal of the disability discrimination claim to be with prejudice, or reinstate the claim in the federal proceeding.

## II. DISCUSSION

Although Defendant characterizes this motion as a Motion to Dismiss with Prejudice or, in the alternative, Motion to Reinstate, it is actually a motion for relief from the Court's Docket Text Order dated June 2, 2008 that granted Plaintiff leave to amend. This Motion may be considered pursuant to Fed. R. Civ. P. 60(b), which allows relief from court orders for only a limited number

---

should occur through the prior action and the second suit should be dismissed." *Meyer v. Meyer*, 21 S.W.3d 886, 889-90 (Mo. Ct. App. 2000).

³ The Case Management Order [doc. #10] for this action was entered on April 17, 2008. The Case Management Order stated that motions "for amendment of pleadings shall be filed no later than June 2, 2008."

of reasons. The grounds for relief that apply to Defendant's allegations are 60(b)(3), which allows relief from an order for "fraud . . . misrepresentation, or misconduct by an opposing party" and 60(b)(6) which states that relief may be available if there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Court notes that "Rule 60(b) is an extraordinary remedy" that is "justified only under 'exceptional circumstances.'" *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)).

To obtain relief under from an opposing party's fraud, misrepresentation, or misconduct under Fed. R. Civ. P. 60(b)(3), "the movant must show, 'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation.'" *Murphy v. Mo. Dept. of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006)). Defendant alleges that Plaintiff misrepresented his true intentions because while Plaintiff stated that he sought the amendment to "simplify and clarify" the initial Complaint, he actually amended his Complaint to eliminate his disability discrimination claims. However, Defendant's allegation does not amount to "clear and convincing evidence" that Plaintiff made a "misrepresentation [that] was knowing and intentional." *See Smith v. Clarke*, 458 F.3d 720, 725 (8th Cir. 2006) (citing *E.F. Hutton & Co. v. Berns*, 757 F.2d 215, 216-17 (8th Cir. 1985)). Defendant has presented no evidence that Plaintiff intended to mislead the Court, and relief is not available under Fed. R. Civ. P. 60(b)(3).

To obtain relief under Fed. R. Civ. P. 60(b)(6)'s catchall provision, Defendant must show that "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Murphy*, 506 F.3d at 1117(citing *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). Defendant's Motion

3

fails because Defendant has also not shown that Plaintiff's amendment will deny Defendant the ability to fully and fairly present its case. *Id.* Defendant will have a full and fair opportunity to contest Plaintiff's disability discrimination claims in state court.

Accordingly, the Court will not grant Defendant relief from the Docket Text Order that allowed Plaintiff to amend his Complaint. Additionally, the Court affirms this Order today. Defendant asserts that it will be prejudiced by having to defend Plaintiff's allegations in two different courts at the same time. However, Plaintiff's choice of forum receives great weight, and the amendment of pleadings is to be liberally allowed in accordance with Federal Rule of Civil Procedure 15(a).[4] *See Clune v. Alimak AB*, 233 F.3d 538, 543 (8th Cir. 2000); *Moore v. Bonner*, 695 F.2d 799, 801 (4th Cir. 1982). Plaintiff has alleged two separate causes of action, and the Court respects Plaintiff's discretion to assert his federal age discrimination claim in federal court and his state disability discrimination claim in state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss with Prejudice or, in the alternative, Motion to Reinstate [doc. #15] is **DENIED**.

Dated this 1st day of December, 2008.

  _____
  E. RICHARD WEBBER
  UNITED STATES DISTRICT JUDGE

---

[4] The Federal Rules state that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).